William S. Herreshoff v. Commissioner.
Herreshoff v. Commissioner
Docket No. 89476.
United States Tax Court
T.C. Memo 1963-142; 1963 Tax Ct. Memo LEXIS 204; 22 T.C.M. (CCH) 667; T.C.M. (RIA) 63142; May 23, 1963
*204 Held: (1) Petitioner is not entitled to a claimed loss for theft or destruction of technological papers that he had on hand for 45 years or more in his occupation as an engineer where neither cost of production of said papers nor their fair market value at the time they were stolen or destroyed is shown. (2) Petitioner, although he took the standard deduction on his return, is entitled to take a deduction for taxes claimed in his return on a house and lot which he owned and did not use as a residence but used to store articles used in his occupation as an engineer and also as a base for the small amount of business that he did in the taxable year. (3) Petitioner is taxable on the amount credited to him in the taxable year as the beneficiary of a testamentary trust and which he did not include as income in his original income tax return filed for the taxable year. William S. Herreshoff, pro se., 5441 Sylvan Ave., New York, N. Y., Eugene Parker for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1956 of $775.65. The deficiency was determined by making adjustments to the net income of $7,122.95 as disclosed by petitioner's return for 1956 as follows: Unallowable deductions and additional income: (a) Casualty loss
$2,000.00
(b) Taxes
255.82
(c) Gross income increase
951.41 Nontaxable income and additional deductions: (d) Additional standard deduction 75.23 The adjustments made by the Commissioner in the determination of the deficiency *206 are explained in the deficiency notice as follows: (a) The deduction in the amount of $2,000.00 claimed by you on your return for the taxable year ended December 31, 1956 under other business deductions as a loss of business property, has been disallowed for lack of substantiation and for the further reason that the loss claimed has not been established as allowable under Section 162(a), Section 165 or any other section of the Internal Revenue Code of 1954. (b) The deduction for taxes in the amount of $255.82, claimed by you on your return for the taxable year ended December 31, 1956 under other business deductions, has been disallowed for the reason that you have not established that such taxes were paid on business property. Inasmuch as you have elected to use the standard deduction in lieu of itemization, the expense may not be allowed as an itemized deduction. (c) Taxable income has been increased in the amount of $951.41 for the taxable year ended December 31, 1956 on account of income received in that amount from Union Title Insurance & Trust Company of San Diego, California in excess of the amount reported by you on your return filed January 30, 1957. (d) In view of *207 adjustment (c) above, the standard deduction has been increased to the extent of $75.23 determined as follows: Standard deduction allowable
$1,000.00
Standard deduction per return
924.77
Adjustment
$ 75.23
The petitioner by assignments of error contests each of these adjustments made by the Commissioner except adjustment (d). He concedes adjustment (d) may be properly made in a computation under Rule 50. From the deficiency notice and the petition which have been filed we have the following issues to determine in this proceeding: 1. Did the petitioner sustain an ascertainable and deductible loss of business property due to casualty or theft? 2. Was the petitioner engaged in a trade or business in 1956 so as to permit the deduction of alleged business expenses which consisted of taxes, etc? 3. Was the petitioner's 1956 gross income $951.41 greater than the amount reported by him on his "original" 1956 income tax return filed on January 30, 1957? Findings of Fact Petitioner William S. Herreshoff resides at 5441 Sylvan Avenue, New York 71, New York. His income tax return for the year 1956 was filed with the district director of internal revenue, New *208 York 4, New York. Issue 1 Petitioner has been an engineer for about 60 years. During the taxable year 1956 he was in poor health and during most of the taxable year was under treatment by a physician. His residence was with his two sisters who lived at 5441 Sylvan Avenue. Petitioner owned certain technological records which he had accumulated over a period of 45 years or more in his profession as an engineer. The building which he owned and in which the papers and records were stored is located at 253 West 256 Street, New York 71, New York. He also had stored at that address some tools and instruments which he used in his engineering profession. In the month of April 1956 the building was broken into and certain papers and records located therein were either stolen or destroyed. No showing has been made by petitioner as to the cost of these papers and records or as to their fair market value, if any, at the time they were stolen or destroyed. These are the papers and records for which petitioner deducted a casualty loss on his return of $2,000 and which the Commissioner in his determination of the deficiency has disallowed. Issue 2 In his income tax return *209 for 1956 petitioner took a deduction described as "State and Local Taxes $255.82." Also, on his tax return for said year he took the standard deduction of $924.77 which is 10 percent of his reported adjusted gross income of $9,247.72. Petitioner was the owner of a building and lot located at 253 West 256 Street. He kept stored in this building the tools which he used in his engineering business. He conducted very little business in 1956 because of the condition of his health but he did conduct a small amount of business and the business which he did conduct in 1956 though of a small amount was conducted in and from this building. We find from the evidence that petitioner paid in 1956 taxes on this building to the State and City of New York in the amount of $182.78. He also paid automobile registration tax and automobile use tax on an automobile which he used for business purposes in the amount of $36.50, and he paid for repairs of his automobile used for business purposes and tax on gasoline used for business purposes, $36.50. These taxes abovenamed aggregate $255.78 and represent the amount of deductions which petitioner is entitled to take for taxes and expenses incurred *210 and paid in 1956 in his business. Issue 3 In his income tax return filed for the year 1956 petitioner reported adjusted gross income of $9,247.72. In an amended return which he filed for 1956 he reported an adjusted gross income of $10,199.13. This difference of $951.41 was due to an additional credit which had been made to his account in the year 1956 by the Union Title Insurance and Trust Company of San Diego, California, which was the trustee under a testamentary trust which had been set up for petitioner and which trust was in existence during the taxable year and was being administered by Union Title Insurance and Trust Company of San Diego. Opinion BLACK, Judge: We shall take up and decide the issues in their order. Issue 1 Petitioner claimed on his return a casualty loss of $2,000. In his testimony he claims this loss resulted from theft. He testified that in April 1956 the building where some papers which he possessed were stored was broken into and certain papers were stolen or destroyed which were located in said building. He claims a loss of $2,000 resulting from this alleged casualty. That part of section 165, Internal Revenue Code of *211 1954, which seems applicable to the facts of the instant case is printed in the margin. [1]
Even if we accept the correctness of petitioner's testimony *212 that the papers which he describes were stolen or destroyed, he has not proved the cost of them or their fair market value. According to his own testimony they were very old papers which he prepared in his research work as an engineer many years ago and kept in his files because he regarded them as valuable. He made no attempt to show their cost basis or to prove their fair market value at the time they were stolen or destroyed. Therefore, the Commissioner is sustained in the disallowance of this loss. We see no basis for its allowance even though it be incurred as petitioner alleges. See sections 1.165-7 and 1.165-8, Income Tax Regs.
Issue 2 The principal reason for the Commissioner's disallowance of this item was that it was not incurred in petitioner's business and inasmuch as he took the standard deduction this item of deduction is not allowable. On petitioner's income tax return filed for the taxable year he did take the standard deduction. As shown by our Findings of Fact he also took a deduction of $255.78 which he labeled in his return "State and Local Taxes." Respondent contends that inasmuch as these taxes were paid on petitioner's residential property he was not entitled *213 to take a deduction for them because he had taken the regular standard deduction. He apparently concedes that if the taxes were paid on business property petitioner would be entitled to take them as a separate deduction as he has done. We shall not attempt to review all of petitioner's testimony as to this item of deduction. We will only say that we are convinced that petitioner did not reside at 253 West 256 Street; he did some night watchman work there during the first of the year. He resided with his two sisters at 5441 Sylvan Avenue. He used the property at 253 West 256 Street for the storage of such tools and equipment as he still possessed. Because of the frail condition of his health petitioner transacted very little business in the taxable year; however, according to his testimony, he did transact some small amount of business and he transacted it from the building at 253 West 256 Street. At the hearing petitioner claimed a larger amount than the $255.82 claimed on his return. However, after giving full consideration to his testimony at the hearing we think that the deduction of $255.78 which is the amount of taxes we find he paid *214 in 1956 is all he should be allowed. We do not feel that he has made sufficient proof for us to allow him any greater sum than that. Issue 3 The facts with respect to this issue show that petitioner reported on his return filed in January 1957 adjusted gross income of $9,247.72 for 1956. Later in the year 1957 he filed an amended return for 1956 in which he reported adjusted gross income received in 1956 of $10,199.13. The difference in the amount reported in the original return and the amount reported in the amended return is $951.41. The Commissioner has added this amount to the amount reported on petitioner's original return. This adjustment seems to be well substantiated by the evidence and we sustain the Commissioner as to Issue 3. Decision will be entered under Rule 50. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. No loss described in this paragraph shall be allowed if, at the time of the filing of the return, such loss has been claimed for estate tax purposes in the estate tax return.↩